Katherine Robison (SBN 221556)
ZWILLGEN LAW, LLP
915-2 Battery Street, 2d Floor
San Francisco, CA 94111
Telephone: (415) 590-2340
Facsimile: (415) 445-0908
Email: kat@zwillgen.com

Marc J. Zwillinger (*pro hac vice pending*)
Jacob A. Sommer (*pro hac vice pending*)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
marc@zwillgen.com
jake@zwillgen.com

Attorneys for Defendant
FANDUEL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIDISIN JR AND MAYSAM SALEPHOUR individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FANDUEL, INC., a Delaware Corporation and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. BC565778 <br><br> **DEFENDANT FANDUEL, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant FanDuel, Inc. ("FanDuel") hereby removes the above-captioned action, entitled *Michael Sidisin, et al. v. Fan Duel, Inc.* (BC 565778) from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central

-1-

District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto as Exhibits 1 and 2 are copies of all process, pleadings and orders served on FanDuel in the above-captioned proceeding.

1. The above-captioned proceeding is within this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  CAFA provides for removal of "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000," there is minimal diversity between plaintiffs and defendants (28 U.S.C. § 1332(d)(2)), and there are over 100 members "of all proposed plaintiffs classes in the aggregate."  *Id*. § 1332(5)(B).

2. The Class Action complaint (Ex. 1) was filed on December 3, 2014, but was not served on FanDuel.  The First Amended Class Action Complaint (Ex. 2) ("FAC") was filed on January 6, 2015, and was delivered to FanDuel's agent for service in California on January 8, 2015.  In the FAC, plaintiffs alleged that they "bring this class action to secure injunctive relief and restitution for the Class against Defendant."  (Ex. 2, ¶ 1.)  In the class allegations, plaintiffs further allege that they "bring this action on their own behalf and on behalf of all other person[s] similarly situated" and define the class as "All persons who purchased the Product in the State of California for personal use and not for resale during the time period of November 24, 2010 through the present." (Ex. 2, ¶ 24.)

3. The amount in controversy requirement of CAFA is satisfied and there are over 100 members in plaintiffs' proposed class.  Plaintiffs seek to represent every person in California who purchased FanDuel's fantasy sports service over more than a four year period.  In 2014 alone, Californians registered for and made an initial deposit into approximately 127,000 new FanDuel accounts.  Therefore, there are certainly over 100 members in plaintiffs' proposed California class since the class period extends further back (to November 24, 2010).  While the plaintiffs have not clearly articulated the dollar amount they are seeking in restitution, and FanDuel denies that plaintiffs and the putative class have been damaged at all, plaintiffs claim that "Defendant has sold millions of dollars more of its Product based upon Defendant's false promises."  (Ex. 2, ¶ 22.) Plaintiffs further allege that "Plaintiffs would not have purchased the Products but for the

representations by Defendant about the Product." (Ex. 2, ¶ 30.) If plaintiffs can prove these allegations, then they will presumably seek restitution of the entire amounts plaintiffs and class members deposited with FanDuel upon registering for a FanDuel fantasy account. Since November 24, 2010, first time deposits into new accounts registered in California totaled approximately $5.7 Million. Since Plaintiffs also pray for attorneys' fees and "other and further relief" on their claims, the amount in controversy requirement is met. (Ex. 2, Prayer for Relief).

4. The minimal diversity requirement of CAFA is also satisfied. Minimal diversity requires only that at least one plaintiff be diverse from at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, there is complete diversity between the parties because none of the plaintiffs are citizens of the same state as FanDuel. Both plaintiff Michael Sidisin and Maysam Salephour are citizens of California, while FanDuel is a Delaware corporation with a principal place of business in New York. (Ex. 2, ¶¶ 15, 16.)

5. None of the CAFA exceptions apply here (28 U.S.C. §§ 1332(d)(3), (d)(4)) because FanDuel is not a citizen of California.

6. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed because it was filed within thirty (30) days of FanDuel's January 8, 2015 receipt of the First Amended Class Action Complaint; and FanDuel was not served with any earlier version of the complaint.

7. Removal to the United States District Court for the Central District of California is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on plaintiffs' counsel and promptly filed with the clerk of the Los Angeles Superior Court.

**WHEREFORE**, FanDuel respectfully gives notice that the above-captioned action is hereby removed to the United States District Court for the Central District of California.

///
///
///
///

DEFENDANT FANDUEL, INC'S NOTICE OF REMOVAL   Case No. BC565778

|   |   |   |
|---|---|---|
|   |   | **ZWILLGEN LAW LLP** |
| Dated:  February 5, 2015 | By: | /s/ Katherine M. Robsion |
|   |   | Katherine M. Robison (SBN 221556) |
|   |   | ZWILLGEN LAW LLP |
|   |   | 915-2 Battery Street, Suite 3 |
|   |   | San Francisco, California 94111 |
|   |   | Telephone:  (415) 590-2340 |
|   |   | Facsimile:  (415) 445-0908 |
|   |   | kat@zwillgen.com |
|   |   |   |
|   |   | Marc J. Zwillinger (*pro hac vice pending*) |
|   |   | Jacob A. Sommer (*pro hac vice pending*) |
|   |   | ZWILLGEN PLLC |
|   |   | 1900 M Street NW, Suite 250 |
|   |   | Washington, DC 20036 |
|   |   | Telephone:  (202) 296-3585 |
|   |   | Facsimile:  (202) 706-5298 |
|   |   | marc@zwillgen.com |
|   |   | jake@zwillgen.com |

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2015, I authorized the electronic filing of the foregoing documents, **CIVIL COVER SHEET and DEFENDANT FANDUEL, INC.'S NOTICE OF REMOVAL**, with the Clerk of the Court using the CM/ECF system to be served on the parties by electronic transmission and via Personal Service to the non-CM/ECF participants indicated below:

Mark A. Milstein
Sarah L. Gough
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405
Tel: (310) 396-9600
Fax: (310) 396-9635

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 5, 2015.

ZWILLGEN LAW LLP

Dated:  February 5, 2015              By: /s/ Katherine M. Robsion
                                          Katherine M. Robison (SBN 221556)
                                          ZWILLGEN LAW LLP
                                          915-2 Battery Street, Suite 3
                                          San Francisco, California 94111
                                          Telephone:  (415) 590-2340
                                          Facsimile:  (415) 445-0908
                                          kat@zwillgen.com

DEFENDANT FANDUEL, INC'S NOTICE OF REMOVAL                                    Case No. BC565778